Sheehan & Associates, P.C.
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Telephone: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*

| United States District Court<br>Southern District of New York | 7:20-cv-02979 |
|---|---|
| Lisa Bardsley, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    - against -<br><br>Nonni's Foods LLC,<br><br>        Defendant | Class Action Complaint |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Nonni's Foods LLC ("defendant") manufactures, distributes, markets, labels and sells biscotti, singular long, crisp, twice-baked Italian cookies, flavored exclusively by lemon, under the Nonni's brand ("Product").

2. The Product is available to consumers from retail and online stores of third-parties and is sold in boxes of 8 individually wrapped biscotti (6.88 OZ).

3. The relevant representations include "Nonni's," "Limone Biscotti,"[1] "Made with Real Sugar, Butter and Lemon Zest Oil," "Real Ingredients," "No Artificial Flavors" and pieces of lemon rind.

---

[1] Limone is Italian for lemon.

1



4. The front label represents the Product's primary recognizable flavor is from lemons based on the "Limone Biscotti" name, "Made with…Lemon Zest Oil," and the lemon rinds, such that lemon is considered by consumers to be its characterizing flavor. *See* 21 C.F.R. § 101.22(i).

5. Where a product designates its characterizing flavor as "Lemon" without any qualifying terms – flavored, with other natural flavors, artificially flavored – consumers get the impression that its lemon taste is contributed only by the characterizing food ingredient of lemons, in the form of an exclusively lemon ingredient, i.e., lemon oil and/or lemon extract. *See* 21 C.F.R. § 101.22(i)(1)] (describing a food which contains no simulating artificial flavor and not subject to

2

21 C.F.R. § 101.22(i)(1)(i)-(iii)).

6. The Product's front label states it contains "lemon zest oil."

7. "Zest" is the outermost layer of the lemon peel and is distinct from the rind, which includes the zest and some of the white underlayer.

8. The zest contains essential oils including limonene and citral.

9. Foods labeled "strawberry shortcake," "lemon biscotti" or "apple pie" are expected by consumers to contain an amount of the characterizing ingredients – strawberries, lemon or apples – sufficient to independently characterize the food. *See* 21 C.F.R. § 101.22(i)(1) ("If the food contains no artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name of the characterizing flavor, e.g., 'vanilla', in letters not less than one-half the height of the letters used in the name of the food, except that…").

10. By not including any qualifying terms preceding, following or in proximity to "Lemon," consumers will expect the Product contains sufficient lemon oil and/or lemon extract from lemons to flavor the Product and no other flavors from non-lemons or artificial sources, simulate, resemble, reinforce, enhance or extend the flavoring from lemons.

11. The presence of non-lemon flavors is apparent from the ingredient list which designates "Natural Flavors" as the only flavoring ingredient.

**INGREDIENTS:** WHEAT FLOUR, SUGAR, WHITE CONFECTIONARY COATING (SUGAR, FRACTIONATED PALM KERNEL OIL, MILK, WHEY, SKIM MILK, SOY LECITHIN [AN EMULSIFIER], SALT, VANILLA), EGGS, BUTTER, ==NATURAL FLAVORS==, BAKING POWDER (SODIUM ACID PYROPHOSPHATE, BAKING SODA, CORN STARCH, MONOCALCIUM PHOSPHATE), MALTED BARLEY FLOUR.

12. Because lemon oil and/or lemon zest oil are not separately identified ingredients, it means that if they are present, it is as a component of the "natural flavor."

13. "Natural flavors" as this term is defined may contain lemon oil, but they also may contain either enhancers or other non-lemon natural flavors.

14. Substances obtained by cutting, grinding, drying, pulping, or similar processing of tissues derived from fruit considered by consumers to be a food rather than a flavor. *See* § 101.22(h)(3) ("The label of a food to which flavor is added shall declare the flavor in the statement of ingredients in the following way…").

15. Lemon oil is understood by consumers to be a food, which requires it be designated by its common or usual name of "lemon oil" or "lemon zest oil."[2]

16. The front label gives consumers the false impression that the Product's flavor is exclusively from lemon (zest) oil.

---

[2] "Lemon zest oil" appears to be a fanciful sort of name to describe lemon oil.

17. Whether or not a food's flavor is derived from a characterizing food ingredient or a highly synthesized and concentrated solution, designed in a laboratory, is material to consumers who expect a label to give them what it says – lemon flavor only from lemons.

18. The purpose of the regulations for designating a product's flavor is to inform consumers that a product's characterizing flavor does not emanate solely from the presence of the source identified in the product name.

19. The presence of artificial flavor that enhances and simulates lemon flavor is material because the absence of any front label statement indicating same tells consumers the Product does not contain such artificial flavor. *See* 21 C.F.R. § 101.22(i)(1).

20. Consumers will not be able to tell from the ingredient list that (1) the natural flavor does not refer to an exclusively lemon zest oil ingredient nor (2) that the compounds and substances other than lemon zest oil are used to contribute to the Product's lemon taste.

21. The source of a food's flavor – from the characterizing food ingredient, a flavor derived from the characterizing ingredient, a natural source unrelated to the characterizing flavor or an artificial source – is material to consumers.

22. Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiff and consumers.

23. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiff.

24. The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

25. Had plaintiff and class members known the truth, they would not have bought the

Product or would have paid less for them.

26. As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $3.98 per box of 8, excluding tax, compared to other similar products represented in a non-misleading way.

## Jurisdiction and Venue

27. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

28. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

29. Plaintiff Lisa Bardsley is a citizen of New York.

30. Defendant is a Delaware limited liability company with a principal place of business in Tulsa, Tulsa County, Oklahoma and is a citizen of Oklahoma. and upon information and belief, at least one member of defendant is not a citizen of New York.

31. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

32. Venue is proper in this judicial district because plaintiff Rhoden purchased the Product and resides in this district and became aware of the events or omissions giving rise to the claims in this district. *See* 28 U.S.C. § 1391(b)(2).

33. Venue is further supported because many class members reside in this District.

## Parties

34. Plaintiff Lisa Bardsley is a citizen of New Windsor, Orange County, New York.

35. Defendant Nonni's Foods LLC is a Delaware limited liability company with a

6

principal place of business in Tulsa, Oklahoma, Tulsa County.

36.     During the relevant statutes of limitations, plaintiff purchased the Product within her district and/or State for personal consumption and/or use in reliance on the representations the Product's lemon taste was only from lemon zest oil.

37.     Plaintiff bought the Product because she liked the product type for its intended use and expected the lemon flavor to only come from lemon zest oil because the front label lacked any reference to the Product being "flavored" nor indicated the presence of other compounds which resembled, simulated and extended any actual lemon it contained.

38.     Plaintiff would buy the Product again if assured its lemon taste was only from lemon zest oil in sufficient quantities to flavor the Product.

Class Allegations

39.     The class will consist of all purchasers of the Product in New York during the applicable statutes of limitations.

40.     Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

41.     Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

42.     Plaintiff is an adequate representatives because her interests do not conflict with other members.

43.     No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

44.     Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

45. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

46. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL"), §§ 349 & 350
(Consumer Protection Statutes)

47. Plaintiff incorporates by reference all preceding paragraphs.

48. Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

49. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

50. Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

51. The amount and proportion of the characterizing component, lemon oil, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

52. Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

53. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

54. Plaintiff incorporates by reference all preceding paragraphs.

55. Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

56. The amount and proportion of the characterizing component, lemon oil, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

57. Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

58. This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

59. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

60. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

61. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Breaches of Express Warranty, Implied Warranty of Merchantability and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

62. Plaintiff incorporates by reference all preceding paragraphs.

63. The Product was manufactured, labeled and sold by defendant and warranted to plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not.

64. The amount and proportion of the characterizing component, lemon oil, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

65. Defendant had a duty to disclose and/or provide non-deceptive descriptions and

marketing of the Product.

66. This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

67. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

68. Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

69. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

70. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Fraud

71. Plaintiff incorporates by reference all preceding paragraphs.

72. The amount and proportion of the characterizing component, lemon oil, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

73. Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front labels, when it knew its statements were neither true nor accurate.

74. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Unjust Enrichment

75. Plaintiff incorporates by reference all preceding paragraphs.

76. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   April 11, 2020

                                        Respectfully submitted,

                                        Sheehan & Associates, P.C.
                                        /s/Spencer Sheehan
                                        Spencer Sheehan
                                        505 Northern Blvd Ste 311

Great Neck NY 11021-5101
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

7:20-cv-02979
United States District Court
Southern District of New York

Lisa Bardsley, individually and on behalf of all others similarly situated,

                          Plaintiff,

   - against -

Nonni's Foods LLC,

                          Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
505 Northern Blvd Ste 311
 Great Neck NY 11021-5101
    Tel: (516) 303-0552
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: April 11, 2020

                                                                  /s/ Spencer Sheehan
                                                                     Spencer Sheehan