Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
Telephone: (516) 268-7080
spencer@spencersheehan.com

| | |
|---|---|
| United States District Court<br>Southern District of New York | 7:20-cv-02979-NSR |
| Lisa Bardsley, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    - against -<br><br>Nonni's Foods LLC,<br><br>        Defendant | First Amended Class Action Complaint |

    Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

    1.  Nonni's Foods LLC ("defendant") manufactures, distributes, markets, labels and sells singular long, crisp, twice-baked Italian cookies (biscotti) purporting to be flavored mainly or exclusively by lemon, under the Nonni's brand ("Product").

    2.  The Product is available to consumers from retail and online stores of third-parties and is sold in boxes of 8 individually wrapped biscotti (6.88 OZ).

    3.  The relevant representations include "Limone (Lemon) Biscotti," "Made with Real Sugar, Butter and Lemon Zest Oil," "Real Ingredients," "No Artificial Flavors" and pieces of lemon rind.



4.    Consumer preference is for foods which get their taste from a characterizing food ingredient, i.e., lemon in lemon biscotti.

5.    Flavors from a characterizing ingredient, i.e., lemon flavor from lemons, almost always cost more than the same flavor from a different ingredient, i.e., lemon flavor from oranges.

6.    Consumers are willing to pay higher prices for the real thing because flavor from a characterizing ingredient involves minimal and less processing – it is more natural.

7.    The label makes direct representations that the Product's main flavor is lemon, through the name, "Limone Biscotti," the lemon images, and the assertion that the Product contains no artificial ingredients. *See* 21 C.F.R. § 101.22(i).

8. Reasonable consumers are accustomed to products with front labels with qualifying terms such as "flavored," "other natural flavors" and "artificial flavors."

9. The unqualified "Limone (Lemon)" statement, the picture of the lemon peel, "Real Ingredients" and "No Artificial Flavors" give the impression that the Product is higher quality than it is and gets all or most of its characterizing flavor from lemons.

10. Contrary to the front label representations, the Product is not flavored only or predominantly from lemons.

11. Since the Product contains non-lemon flavor, its taste is inconsistent with what consumers would expect had lemons been the main or exclusive source of flavor.

12. The ingredient list fails to clarify the front label representations because it lists "Natural Flavor."

**Ingredients:** WHEAT FLOUR (WHEAT FLOUR, MALTED BARLEY FLOUR), SUGAR, WHITE CONFECTIONERY COATING (SUGAR, PALM KERNEL OIL, WHOLE MILK POWDER, REDUCED MINERAL WHEY POWDER, NONFAT MILK POWDER, SOY LECITHIN [AN EMULSIFIER], SALT, AND VANILLA), EGGS, SALTED BUTTER (SWEET CREAM, SALT), NATURAL FLAVOR, BAKING POWDER (SODIUM ACID PYROPHOSPHATE, BAKING SODA, CORN STARCH, MONOCALCIUM PHOSPHATE), SALT

13. Listing "natural flavor" means the flavor is not derived exclusively from lemons.

14. Because lemon oil is not a separately identified ingredient, it means that any real lemon flavoring is at most a *de minimis* or a trace amount and is part of the "Natural Flavor" ingredient.

15. According to flavor expert Bob Holmes, "If you were getting all the flavor depth of the lemon itself, the label would likely read 'lemon juice' or 'lemon oil,' not 'natural lemon flavor.'"

16. Lemon oil is the common or usual name for the liquid extracted from the peel of a lemon.

17. When used in foods, it is identified by the common or usual name, "lemon oil," as seen in the ingredient lists below for a variety of foods.

**INGREDIENTS**: Sugar, Corn Syrup, Lemon Juice from Concentrate, Citric Acid, Lemon Oil, Acacia (Gum Arabic), Yellow 5.

**BEST INGREDIENTS**: Organic Wheat Flour, Organic Cane Sugar, Organic Butter, Organic Whole Wheat Graham Flour, Organic Expeller-Pressed Sunflower Oil, Sea Salt, Lemon Oil, Baking Soda, Mixed Tocopherols (Vitamin E) to Protect Flavor, Lactic Acid, Organic Vanilla Extract.

**INGREDIENTS**: CANOLA OIL, WHITE WINE VINEGAR, WATER, EXTRA VIRGIN OLIVE OIL, SUGAR, LEMON JUICE CONCENTRATE, WHITE BALSAMIC VINEGAR, CONTAINS LESS THAN 2% OF SALT, BLACK PEPPER, DEHYDRATED GARLIC, DEHYDRATED OREGANO, DEHYDRATED LEMON PEEL, BASIL, DEHYDRATED SHALLOTS, LEMON OIL, ROSEMARY EXTRACT.

18. "Natural Flavor" is the term used where multiple flavor ingredients and additives are

4

combined in a laboratory.

19. The ingredient used for the Product's flavor is known as "Natural Lemon Flavor With Other Natural Flavor" (Natural Lemon WONF).

20. This ingredient contains a de minimis amount of lemon oil but the lemon taste it provides is mainly from lemon oil extenders and enhancers from non-lemon sources.

21. These extenders allow the reduction in use of lemon oil by up to half, while in theory retaining a typical lemon taste.

22. On an ingredient list, Natural Lemon Flavor With Other Natural Flavor is designated as "natural flavor." 21 C.F.R. § 101.22(h)(1).

23. However, the front label of the Product is misleading because it fails to disclose "With Other Natural Flavor" added to the de minimis amount of lemon oil.

24. Federal regulations, mirrored by those of New York, require that where a "food contains both a characterizing flavor from the product whose flavor is simulated [lemon] and other natural flavor which simulates, resembles or reinforces the characterizing [lemon] flavor," the front label must state "Lemon Flavored With Other Natural Flavor." 21 C.F.R. § 101.22(i)(1)(iii); 21 C.F.R. § 101.22(i)(1)(i).

25. This flavor designation tells consumers that the source of the Product's lemon taste is not *only* from lemons but from non-lemon sources.

26. Moreover, it tells consumers that the Product will not taste only like lemons because it tells them of non-lemon flavor – "other natural flavor."

27. However, consumers are unable to find out that the Product contains a small amount of real lemon flavor.

28. lab testing reveals that the "Natural Flavor" in the Product consists mainly of

limonene.

| Scan # | Integration | Peak Assignment | PPB w/w |
|---|---|---|---|
| 621 | 100737 | 3-methylbutanal | 11.72 |
| 634 | 4090 | 2-methylbutanal | 0.48 |
| 654 | 12196 | 2-pentanone | 1.42 |
| 669 | 38950 | 2,3-pentanedione | 4.53 |
| 686 | 56420 | acetol | 6.56 |
| 694 | 13810 | propyl acetate | 1.61 |
| 733 | 15827 | acetoin + pyrazine | 1.84 |
| 766-794 | 1307255 | 1,2-propylene glycol | 152.11 |
| 820 | 80816 | hexanal | 9.40 |
| 862 | 34603 | methyl pyrazine | 4.03 |
| 867 | 33648 | furfural | 3.92 |
| 897 | 44145 | furfuryl alcohol | 5.14 |
| 906 | 18513 | hexyl alcohol | 2.15 |
| 936 | 58535 | 2-heptanone | 6.81 |
| 952 | 33695 | heptanal | 3.92 |
| 975 | 91399 | 2,5-dimethylpyrazine | 10.64 |
| 990 | 100318 | alpha-thujene | 11.67 |
| 1004 | 76833 | alpha-pinene | 8.94 |
| 1039 | 15018 | benzaldehyde | 1.75 |
| 1058 | 37995392 | 6-methyl-5-hepten-2-one + beta-myrcene + beta-pinene | 4421.11 |
| 1144 | 586380480 | limonene | 68230.68 |
| 1171 | 142434976 | gamma-terpinene | 16573.60 |
| 1190 | 23011934 | terpinolene | 2677.65 |
| 1237 | 2630570 | limonene oxide | 306.09 |
| 1285 | 2689763 | 4-terpineol | 312.98 |
| 1289 | 439311 | decanal | 51.12 |
| 1297 | 4689729 | alpha-terpineol | 545.69 |
| 1300 | 1359824 | naphthalene-d8 (internal standard) | 158.23 |
| 1310 | 1204493 | citronellol | 140.15 |
| 1315 | 329304 | carveol | 38.32 |
| 1329 | 7451507 | neral | 867.05 |
| 1343 | 186994 | carvone | 21.76 |
| 1355 | 8803418 | geranial | 1024.36 |
| 1367 | 194635 | 2-undecanone | 22.65 |
| 1378 | 565722 | perillal | 65.83 |
| 1382 | 166265 | undecanal | 19.35 |
| 1393 | 81403 | methyl geranate | 9.47 |
| 1414 | 311455 | citronellyl acetate | 36.24 |
| 1426 | 12074469 | neryl acetate | 1404.97 |
| 1442 | 5159332 | geranyl acetate | 600.34 |
| 1176-1465 | 3363682 | balance of unknown peaks: complex mixture of lemon oil terpenes | 391.39 |
| 1471 | 91417 | copaene | 10.64 |
| 1477 | 252727 | 1,5-cyclodecadiene, 1,5-dimethyl-8-(1-methylethenyl) | 29.41 |
| 1481 | 61837 | vanillin | 7.20 |
| 1494 | 518768 | alpha-bergamotene | 60.36 |
| 1502 | 136604 | ? sesquiterpene | 15.90 |
| 1507 | 537715 | ? sesquiterpene | 62.57 |
| 1514 | 12763089 | bergamotene isomer | 1485.10 |
| 1521 | 7674059 | caryophyllene | 892.95 |
| 1531 | 589486 | ? sesquiterpene | 68.59 |
| 1538 | 690706 | ? sesquiterpene | 80.37 |
| 1545 | 252684 | ? sesquiterpene | 29.40 |
| 1549 | 259781 | humulene | 30.23 |
| 1554 | 89705 | alpha-farnesene | 10.44 |
| 1559 | 679223 | beta-caryophyllene | 79.03 |
| 1571 | 9392983 | beta-bisabolene | 1092.96 |
| 1577 | 266602 | eremophilene | 31.02 |
| 1581 | 22289 | ? sesquiterpene | 2.59 |
| 1587 | 62580 | delta-cadiene | 7.28 |
| 1593-1878 | 606137 | mixture of unknown sesquiterpenes | 70.53 |
| | | Total Out-Gas Products @100C/30 Min. (excluding internal standards) | 102075.99 |

29. Lemon oil gets its flavor from alcohols, aldehydes, esters, ethers, terpenes, hydrocarbons and ketones.

30. The balance of these compounds is what give lemons their characteristic sour taste, which is complemented by sweetness and tartness.

31. Though the Product analysis reveals citral, the main flavor compound in lemons,

6

through the isomers neral and geranial, it lacks other compounds essential to a lemon's taste.

32. These compounds include beta-pinene, beta-myrcene and γ-terpinene and their absence reveals the use of less real lemon flavor than consumers will expect, based on the representations.

33. They provide the woody and "piney" notes to lemon flavor and are recognized as contributing to the antioxidant qualities of real lemons.

34. The Product's flavoring lacks the complexity and taste expected by consumers because the added lemon oil extenders ("Other Natural Flavor") mainly provide citrus notes, instead of the balanced flavor of lemons.

35. Defendant knows consumers will pay more for the Product because the front label only states "Limone (Lemon)" instead of "natural lemon flavor with other natural flavors" or "does not taste like real lemon."

36. Defendant's omission and failure to disclose these facts is deceptive and misleading to consumers who want a lemon-flavored product that contains flavoring mainly from lemons and tastes like lemon.

37. The amount and proportion of the characterizing component, lemon, has a material bearing on price and consumer acceptance of the Product.

38. Defendant's branding and packaging of the Product is designed to, and does, deceive, mislead, and defraud plaintiffs and consumers.

39. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

40. The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

41. Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for it.

42. As a result of the false and misleading labeling, the Product are sold at a premium price, approximately no less than $3.98 per box of 8, excluding tax, compared to other similar products represented in a non-misleading way, and higher than the price of the Product if it were represented in a non-misleading way.

## Jurisdiction and Venue

43. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

44. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

45. Plaintiff Lisa Bardsley is a citizen of New York.

46. Defendant is a Delaware limited liability company with a principal place of business in Tulsa, Tulsa County, Oklahoma and is a citizen of Oklahoma. and upon information and belief, at least one member of defendant is not a citizen of New York.

47. "Minimal diversity" exists because plaintiff and defendant are citizens of different states.

48. Upon information and belief, sales of the Product in New York exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

49. Venue is proper in this because plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claim occurred here.

50. Venue is further supported because many class members reside in this District.

Parties

51. Plaintiff Lisa Bardsley is a citizen of New Windsor, Orange County, New York.

52. Defendant Nonni's Foods LLC is a Delaware limited liability company with a principal place of business in Tulsa, Oklahoma, Tulsa County.

53. During the relevant statutes of limitations for each cause of action alleged, plaintiff purchased the Product within her district and/or State for personal and household consumption and/or use in reliance on the representations of the Product.

54. Plaintiff purchased the Product on at least one occasion, including in October 2019 in New Windsor, New York at Hannaford Supermarket, 2636 NY-32, New Windsor, NY 12553.

55. Plaintiff bought the Product at or exceeding the above-referenced price because she liked the product for its intended use and relied upon the front label claims, expected a lemon taste, and that such taste would come exclusively and/or predominantly from real lemons and not by artificial lemon flavors. .

56. Plaintiff was deceived by and relied upon the Product's deceptive labeling.

57. Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

58. The Product was worth less than what Plaintiff paid for it and she would not have paid as much absent Defendant's false and misleading statements and omissions.

59. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's labels are consistent with the Product's components.

Class Allegations

60. The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

61. Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

62. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

63. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

64. Plaintiff is an adequate representative because her interests do not conflict with other members.

65. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

66. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

67. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

68. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350
(Consumer Protection Statutes)

69. Plaintiff incorporates by reference all preceding paragraphs.

70. Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

71. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

72. Defendant misrepresented the substantive, quantitative, qualitative, compositional and/or organoleptic attributes of the Product.

73. The amount and proportion of the characterizing component, lemon, has a material bearing on price and consumer acceptance of the Product and consumers do not expect non-lemon flavors and non-lemon taste, where a product's flavor is designated "(limone) lemon" and has pictures of lemon peel, without more.

74. The ingredient list designation of "Natural Flavor" fails to tell consumers and plaintiff that the Product contains little to no real lemon ingredient and that the lemon "taste" is not even provided by lemons.

75. The representations give the impression the Product has more real lemon than it does.

76. Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

77. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Negligent Misrepresentation

78. Plaintiff incorporates by reference all preceding paragraphs.

79. Defendant misrepresented the substantive, quantitative, qualitative, compositional and/or organoleptic attributes of the Product.

80. The ingredient list designation of "Natural Flavor" fails to tell consumers and plaintiff that the Product contains a minimal amount of lemon.

81. Defendant had a duty to disclose the non-lemon flavors and provide non-deceptive

marketing of the Product and knew or should have known same were false or misleading.

82. This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

83. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

84. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

85. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Breaches of Express Warranty, Implied Warranty of Merchantability and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

86. Plaintiff incorporate by reference all preceding paragraphs.

87. The Product was manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed substantive, quality, organoleptic, and/or compositional attributes it did not.

88. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

89. This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

90. Plaintiff provided or will provide notice to defendant, its agents, representatives, and their employees.

91. Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding

the Product, of the type described here.

92. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable, *viz*, fit to pass in the trade as a product flavored mainly or exclusively by lemons.

93. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Fraud

94. Plaintiff incorporate by reference all preceding paragraphs.

95. Defendant misrepresented the substantive, quality, compositional and/or organoleptic attributes of the Product.

96. The amount and proportion of the characterizing component, lemon, has a material bearing on price and consumer acceptance of the Product.

97. Plaintiff expected the Product to have more lemon than it did and did not expect added artificial lemon flavor.

98. Plaintiff expected a lemon tasting product which she did not receive.

99. Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers.

100. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Unjust Enrichment

101. Plaintiff incorporates by reference all preceding paragraphs.

102. Defendant obtained benefits and monies because the Product was not as represented

and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Statutory damages pursuant to the GBL claims;

6. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

7. Other and further relief as the Court deems just and proper.

Dated:   December 1, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800

*spencer@spencersheehan.com*  
E.D.N.Y. # SS-8533  
S.D.N.Y. # SS-2056

7:20-cv-02979-NSR
United States District Court
Southern District of New York

Lisa Bardsley, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Nonni's Foods LLC,

Defendant

First Amended Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
    Tel: (516) 268-7080
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  December 1, 2020

/s/ Spencer Sheehan
Spencer Sheehan