Case 7-20-cv-02979-NSR Document 38 Filed in NYSD on 10/03/2022 Page 1 of 5

**MEMO ENDORSED**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/05/2022
```

Lisa Bardsley, individually and on behalf of all others similarly situated,

                Plaintiff,

- against -

Nonni's Foods LLC,

                Defendant.

Civ. Action No. 7:20-cv-02979 NSR

## DEFENDANT'S MOTION FOR STAY OF DISCOVERY

      Pursuant to the Court's Memorandum Endorsement dated June 6, 2022 (ECF No. 32), Defendant, Nonni's Foods LLC ("Nonni's"), through its counsel, submits its Motion for Stay of Discovery pursuant to Federal Rule of Civil Procedure 26.

      1.     By Opinion & Order dated March 16, 2022 (ECF No. 27), this Court dismissed with prejudice all claims in Plaintiff's First Amended Class Action Complaint ("FAC"), except for Plaintiff's class action claims under New York General Business Law §§ 349 and 350.

      2.     On April 7, 2022, the Court granted Defendant leave to file a Renewed Motion to Dismiss First Amended Complaint ("Motion to Dismiss") and entered a briefing schedule. (ECF No. 30).

      3.     On June 23, 2022, Defendant filed its Motion to Dismiss (ECF No. 33), the purpose of which was to demonstrate to a legal certainty that Plaintiff cannot satisfy the amount-in-controversy and jurisdictional requirements set forth in the Class Action Fairness Act of 2005 ("CAFA").

      4.     Defendant now moves the Court to stay all discovery in this case pending a ruling on Defendant's Motion to Dismiss because the Motion to Dismiss is outcome determinative.

1

5. Plaintiff does not consent to a stay of discovery and, instead, has served her First Set of Discovery Requests, which includes 14 interrogatories, 36 document requests, and 6 requests for admission. A true and correct copy of Plaintiff's First Discovery Requests is attached hereto and marked as **Exhibit "A."**

6. While a dispositive motion does not automatically stay discovery, "upon a showing of good cause a district court has considerable discretion to stay discovery" under Fed. R. Civ. P. 26(c). *Hong Leong Finance Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citations omitted).

7. A pending motion to dismiss constitutes "good cause" for an order staying discovery. *Id.* (citing *Brooks v. Macy's, Inc.*, No. 10 CIV 5304, 2010 WL 5297756 at *1 (S.D.N.Y. Dec. 21, 2010); *Picture Patents, LLC v. Terra Holdings LLC*, No. 07 Civ. 5465, 2008 WL 5099947 at *2 (S.D.N.Y. Dec. 3, 2008)).

8. Further, "[a] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Hong Leong*, 297 F.R.D. at 72 (quoting *Alford v. City of N.Y.*, No. CV 2011-0622, 2012 WL 947498 at *1 (E.D.N.Y. Mar. 20, 2012)).

9. In determining whether to stay discovery, courts should consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.*

10. A stay of discovery is appropriate pending resolution of a dispositive motion where the pending motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Johnson v. NYU School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citations omitted). In this case, Defendant's Motion to Dismiss has substantial grounds and is firmly rooted in legal foundation.

2

Case 7-20-cv-02979-NSR Document 38 Filed in NYSD on 10/03/2022 Page 3 of 5

11. The three (3) factors considered by this Court in determining whether a stay of discovery is appropriate all favor the granting of a stay.

12. First, Plaintiff's initial discovery requests are incredibly broad and include 36 separate document requests alone. Should discovery be permitted, Defendant will have to spend considerable time, money, and resources in order to respond.

13. Second, there is no prejudice to Plaintiff if discovery is stayed. Defendant has not made the at-issue product in the at-issue box since September 28, 2016 (over 5 plus years ago).

14. On the other hand, if the stay is not granted, Defendant will be extremely prejudiced. In addition to the inordinate time and expense involved with discovery, forcing Defendant to participate in discovery will cause prejudice and undue burden, particularly given the strength of Defendant's Motion to Dismiss.

15. Third, Defendant's Motion to Dismiss has strong legal grounds that warrant dismissal of the last remaining claim in the FAC in its entirety. Defendant has provided two (2) supplemental affidavits demonstrating to a legal certainty that its sales were less than $100,000 and that Plaintiff cannot overcome her burden that her claim is in excess of the $5,000,000 statutory jurisdictional amount.

16. Given the strength of Defendant's Motion to Dismiss, a stay of discovery is proper.

17. The interest of the Court is also advanced by staying discovery.

18. Rather than preside over the litigation, the Court can decide an outcome-determinative issue that will result in total dismissal of the case. This will conserve judicial resources and timely administration of the Court's docket.

19. All three (3) factors favor the granting of a stay, and this Court recently granted such a stay in a similar situation involving a pending dispositive motion. *See Felberbaum v. LVNV*

*Funding LLC*, No. 7:21-cv-09513-NSR (S.D.N.Y. Feb. 17, 2022) at ECF No. 18.

WHEREFORE, Defendant Nonni's Foods LLC respectfully requests that the Court grant the requested relief and stay all discovery pending a ruling on Defendant's Motion to Dismiss.

|  |  |
|---|---|
|  | NONNI'S FOODS, LLC |
|  | By its attorneys, |
| Dated: <u>August 15, 2022</u> | <u>/s/ Joshua D. Baker</u><br>Joshua D. Baker, Esq.<br>Metz Lewis Brodman Must O'Keefe LLC<br>535 Smithfield Street, Suite 800<br>Pittsburgh, PA 15222<br>(412) 918-1100<br>jbaker@metzlewis.com<br>*Admitted Pro Hac Vice* |

4

## CERTIFICATE OF SERVICE

I hereby certify that Defendant's Motion for Stay of Discovery and Memorandum of Law in Support Thereof was served via electronic mail on the following counsel of record on August 15, 2022.

Spencer Sheehan, Esq.
Christopher Patalano, Esq.
Sheehan & Associates, P.C.
60 Cuttermill Road, Suite 409
Great Neck, NY 11021-3104
(*Counsel for Plaintiff*)

/s/ Joshua D. Baker
Joshua D. Baker

Defts. request to stay discovery until the Court's resolution of their Motion to Dismiss is GRANTED. Clerk of Court is requested to terminate the motion at doc. 38.

Dated: October 5, 2022
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE