**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA BARDSLEY, *individually and on behalf of all others similarly situated*,

                                    Plaintiff,

            -against-

NONNI'S FOODS LLC,

                                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/18/2023

No. 20 Civ. 2979 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

This putative class action alleges that Defendant Nonni's Foods LLC ("Defendant") misrepresented to consumers the extent to which its "Limone Biscotti" from its Nonni's brand ("the Product") is flavored only or predominantly from lemons. (ECF No. 17, at 1–9.) Plaintiff Lisa Bardsley ("Plaintiff"), individually and on behalf of others similarly situated, brings this action against Defendant asserting claims for violations of New York's General Business Law ("GBL") §§ 349 and 350. (*Id.* at 9–10.) Presently pending before the Court is Defendant's Renewed Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) (the "Renewed Motion"), for lack of subject matter jurisdiction. (ECF No. 33.) For the following reasons, the Court DENIES the Renewed Motion.

## BACKGROUND

### I. Factual Background

The following facts are derived from the Amended Complaint ("Am. Compl.") (ECF No. 17); they are taken as true and construed in the light most favorable to Plaintiff for the purposes of this Renewed Motion.

Defendant manufactures, distributes, markets, labels, and sells singular long, crisp, twice-baked Italian cookies (i.e., biscotti) purporting to be flavored mainly by lemon, as depicted in the image below:



(Am. Compl. ¶¶ 1, 3.) The label also states that the Product's ingredients include:

> **Ingredients:** WHEAT FLOUR (WHEAT FLOUR, MALTED BARLEY FLOUR, SUGAR, WHITE CONFECTIONERY SUGAR COATING (SUGAR, PALM KERNEL OIL, WHOLE MILK POWDER, REDUCED MINERAL WHEY POWDER, NONFAT MILK POWDER, SOY LECITHIN [AN EMULSIFIER], SALT, AND VANILLA), EGGS, SALTED BUTTER (SWEET CREAM, SALT) NATURAL FLAVOR, BAKING POWDER (SODIUM ACID PYROPHOSPHATE, BAKING SODA, CORN STARCH, MONOCALCIUM PHOSPHATE), SALT

(*Id.* ¶ 12.)

Plaintiff alleges that the Product's label is misleading because the Product is neither exclusively nor predominantly flavored by lemons. (*Id.* ¶¶ 10–11, 13–27.) Specifically, she claims

2

that the Product's ingredients list includes a "natural flavor," which means that the lemon flavor is not derived exclusively from lemons. (*Id.* ¶ 13.) She alleges that this ingredient contains a *de minimis* amount of lemon oil and that the lemon taste it provides is mainly from lemon oil extenders as well as enhancers from non-lemon sources. (*Id.* ¶¶ 14, 20.) Plaintiff claims that, under federal regulations, Defendant's Product is misleading because it fails to disclose that the source of the lemon taste is from non-lemon sources in addition to "real" lemons. (*Id.* ¶¶ 23–26.)

Plaintiff further alleges that laboratory testing of the Product reveals that "[t]hough [it contains] citral, the main flavor compound in lemons, through the isomers neral and geranial, it lacks other compounds essential to a lemons taste." (*Id.* ¶ 31.) Accordingly, she claims that "the Product's flavoring lacks the complexity and taste that consumers expect because the added lemon oil extenders ('Other Natural Flavor') mainly provide citrus notes, instead of the balanced flavor of lemons." (*Id.* ¶ 34.)

Plaintiff alleges that Defendant's omission and failure to disclose the foregoing facts is deceptive and misleading to consumers who bought the Product to eat a lemon-flavored biscotti that contains flavoring mainly from lemons. (*Id.* ¶ 36.) She avers that Defendant knows consumers "are willing to pay higher prices for the real thing because flavor from a characterizing ingredient involves minimal and less processing— it is more natural." (*Id.* ¶¶ 6, 35.) Thus, Plaintiff claims that Defendant's branding and packaging of the Product is designed to, and does, deceive, mislead, and defraud. (*Id.* ¶ 38.) She also alleges that Defendant sold more of the Product, and at higher prices, than it would have done in the absence of this misconduct, resulting in additional profits for Defendant at the expense of consumers. (*Id.* ¶ 39.) Indeed, Plaintiff claims that Defendant sold the Product at a premium price, approximately no less than $3.98 per box of 8, excluding tax, as compared to similar products that were represented in a non-misleading way.  (*Id.* ¶ 42.)

Plaintiff alleges that she purchased the Product on at least one occasion, including in or around October 2019 at the Hannaford Supermarket in New Windsor, New York 12553. (*Id.* ¶ 54.) She claims that she is one individual among a class of consumers who purchased the Product for its intended use and relied on the front label's representations to expect a lemon taste derived exclusively and/or predominantly from real lemons rather than artificial lemon flavorings. (*Id.* ¶ 55.) Additionally, Plaintiff avers that she would not have paid as high of a price for the Product if not for Defendant's false advertising. (*Id.* ¶¶ 57–59.)

## II. Procedural Background

On April 13, 2020, Plaintiff filed the original operative class action complaint (Compl., ECF No. 1.) Subsequently, on October 2, 2021, Defendant filed a letter seeking leave to file a motion to dismiss, which also stated the grounds on which Defendant would move for dismissal. (ECF No. 13.) Plaintiff then requested an extension of time to file an amended complaint that would address the deficiencies set forth in Defendant's letter and obviate the need for a motion to dismiss, which the Court granted. (ECF Nos. 15 and 16.) On December 1, 2020, Plaintiff filed her Amended Complaint ("FAC") on behalf of all purchasers of the Product who reside in New York, asserting claims for: (1) violation of New York General Business Law §§ 349 and 350; (2) breach of express warranty; (3) breach of implied warranty of merchantability; (4) violation of the Magnuson Moss Warranty Act; (5) negligent misrepresentation; (6) fraud; and (7) unjust enrichment. (ECF No. 17.) Plaintiff seeks both monetary damages and injunctive relief requiring that Defendant correct the Product's allegedly misleading label. (*Id.*)

On December 23, 2021, Defendant again sought leave to file a motion to dismiss (the "Initial Motion"), which the Court granted. (ECF Nos. 20 and 22.) Then, on March 23, 2021, the parties filed their respective briefing on the Initial Motion: Defendant its Notice of Motion (ECF No. 23), Memorandum in Support (ECF No. 24), and rRply (ECF No. 25); and Plaintiff her

Response in Opposition (ECF No. 26). On March 16, 2022, the Court granted in part and denied in part Defendant's Initial Motion. (ECF No. 27.) Specifically, the Court granted Defendant's Initial Motion as to each of Plaintiff's claims, apart from her claims for violation of New York General Business Law §§ 349 and 350. (*Id.*)

Defendant subsequently submitted the instant Renewed Motion to Dismiss (the "Motion"), seeking dismissal of Plaintiff's remaining claims on the basis that the Court lacked subject matter jurisdiction over them. (ECF No. 33.) On June 6, 2022, the parties filed their respective briefing on the Motion: Defendant its Notice of Motion (ECF No. 33), Memorandum in Support (ECF No. 34), and Reply (ECF No. 36); and Plaintiff her Response in Opposition (ECF No. 35).

## LEGAL STANDARD

### I.   Federal Rule of Civil Procedure 12(b)(1)

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing the existence of federal jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992).

Where, as here, the jurisdictional challenges are raised at the pleading stage, the district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Sharkey v. Quarantillo,* 541 F.3d 75, 83 (2d Cir. 2008). It is "presume[d] that general [fact] allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 889 (1990) (alterations added). The court also may consider affidavits and other evidence outside the pleadings to resolve the jurisdictional issue, but it may not rely on conclusory or hearsay statements contained in affidavits. *J.S. v. Attica Cent. Schs.,* 386 F.3d 107, 110 (2d Cir. 2004), *cert. denied,* 544 U.S. 968 (2005). Indeed, courts "must" consult factual submissions "if resolution of a proffered factual issue may result in the dismissal

of the complaint for want of jurisdiction." *Robinson v. Gov't of Malaysia,* 269 F.3d 133, 140 n. 6 (2d Cir. 2001).

## DISCUSSION

### I.   Subject Matter Jurisdiction

In the Amended Complaint, Plaintiff claims that this Court has subject matter jurisdiction over her state law claims based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). (Am. Compl. ¶ 43.) "CAFA amended the federal diversity jurisdiction statute to confer federal jurisdiction over class actions where: (1) the proposed class contains at least 100 members (the 'numerosity' requirement); (2) minimal diversity exists between the parties, (*i.e.*, where 'any member of a class of plaintiffs is a citizen of a State different from any defendant'); and (3) the aggregate amount in controversy exceeds $5,000,000." *Purdue Pharma L.P. v. Kentucky,* 704 F.3d 208, 213 (2d Cir. 2013) (quoting 28 U.S.C. § 1332(d)(2)-(6)).

As the Court noted in its Opinion on Defendant's Initial Motion (ECF No. 27), Plaintiff's FAC raises both individual and class action claims. Although the Court held that Plaintiff's individual claims failed because they did not meet the statutory requirements for subject matter jurisdiction, it concluded that Defendant was unable to show to a legal certainty that Plaintiff and the putative class could not recover the aggregate amount of controversy required under CAFA (i.e., $5 million) (the "Threshold Requirement") for the Court to have subject matter jurisdiction over Plaintiff's class action claims. (*Id.*); *see Schwartz v. Hitrons Solutions, Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019) (Plaintiff "brings both individual and class action claims, which must meet the requirements of 28 U.S.C. [§] 1332(a) . . . or 28 U.S.C. [§] 1332(d)[.]"). Specifically, the Court concluded that Defendant required greater support than a two-page affidavit from its Vice President of Sales to demonstrate that Plaintiff and the putative class could not recover the Threshold Requirement, and it thereby proceeded to address the merits of Plaintiff's class action

6

claims. Defendant now argues that it has provided sufficient documentary evidence to show to a legal certainty that Plaintiff and the putative class cannot satisfy the Threshold Requirement. (ECF Nos. 34 and 35.) The Court, however, disagrees— notwithstanding the additional documentation provided, Defendant has failed to demonstrate that Plaintiff and the putative class cannot satisfy the Threshold Requirement.

A. *Subject Matter Jurisdiction Requirements for Federal Jurisdiction Over Class Actions Under CAFA*

As noted above, CAFA confers federal jurisdiction over class actions where: (1) the proposed class contains at least 100 members (the 'numerosity' requirement); (2) minimal diversity exists between the parties, (*i.e.*, where 'any member of a class of plaintiffs is a citizen of a State different from any defendant'); and (3) the aggregate amount in controversy exceeds $5,000,000." *Purdue Pharma L.P.*, 704 F.3d at 213 (quoting 28 U.S.C. § 1332(d)(2)-(6)). Here, Defendant argues that Plaintiff fails to satisfy the Threshold Requirement. (ECF No. 34, at 9-11.)

"Under CAFA, as under the traditional rule, the party asserting subject matter jurisdiction has the burden of proving it." *Galeno,* 472 F.3d at 59. Plaintiff thereby bears the burden of "proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer*, 347 F.3d at 397 (citation omitted); *see also Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (noting that the "reasonable probability" burden is identical for class action claims). The "reasonable probability" burden is minimal at the pleading stage because "a rebuttable presumption [exists] that the face of the complaint is a good faith representation of the actual amount in controversy[.]" *Scherer*, 347 F.3d at 397 (citation omitted). However, the presumption "is available only if the face of the complaint alleges facts plausibly suggesting the existence of claims aggregating over the jurisdictional minimum amount in controversy." *Wood v. Maguire Auto. LLC*, No. 09 Civ. 0640, 2011 WL 4478485, at *2 (N.D.N.Y.

Sept. 26, 2011). Conclusory allegations that the Threshold Requirement is satisfied are insufficient. *See John Wiley & Sons, Inc. v. Glass*, No. 10 Civ. 598, 2010 WL 1848226, at *3 (S.D.N.Y. May 7, 2010); *see also Valente v. Garrison From Harrison LLC*, No. 15 Civ. 6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[B]oilerplate pleadings do not suffice to establish that [an] action involves an amount in controversy adequate to support federal diversity jurisdiction.").

Defendant can overcome this rebuttable presumption if it demonstrates to "a legal certainty that . . . [P]laintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). "The legal impossibility of recovery must be so certain as virtually to negate the plaintiff's good faith in asserting the claim." *Scherer*, 347 F.3d at 397.

Additionally, Defendant may offer documentary evidence outside of the pleadings to overcome this presumption. Although at the motion to dismiss stage the Court must evaluate the jurisdictional facts pertaining to the aggregate amount in controversy based on the pleadings and "construe all ambiguities and draw all inferences" in Plaintiff's favor, a court "may look outside the pleadings to other evidence on the record" when appropriate. *United Food & Commercial Workers Union Local 919, AFL-CIO v. CenterMark Props. Meriden Square Inc.*, 30 F.3d 298, 305 (2d Cir. 1994). For instance, and most relevant here, courts may consider materials such as affidavits, documents, and testimony to determine whether jurisdiction exists. *See Anglo-Iberia Underwriting Mgmt. Co. v. P.T. Jamsostek (Persero),* 600 F.3d 171, 175 (2d Cir. 2010); *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003). And in close cases, any "doubts are resolved against [jurisdiction] out of respect for the limited jurisdiction of the federal courts and the rights of

states." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks omitted).

Lastly, federal courts treat the three categories of relief Plaintiff seeks differently for purposes of calculating the aggregate amount in controversy. The first category is the actual and statutory damages sought by a plaintiff: courts may consider all alleged actual and statutory damages when determining whether Plaintiff satisfies the Threshold Requirement. *Schwartz*, 397 F. Supp. 3d at 366 (citations omitted).  The second category is attorney's fees, which a plaintiff may use to satisfy the Threshold Requirement only "if they are recoverable as a matter of right pursuant to statute or contract." (*Id.*) And the third category is the object of the litigation: with respect to a request for injunctive relief, a plaintiff may use the value of the object of the litigation to meet the Threshold Requirement. *See Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). In the Second Circuit, courts value the object of the litigation from the standpoint of the plaintiff— "the value of the action's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested." *Kheel v. Port of N.Y. Auth.*, 457 F.2d 46, 49 (2d Cir. 1972) (internal quotation marks omitted).

B.  *Defendant Has Not Shown to a Legal Certainty that Plaintiff and the Putative Class Cannot Satisfy the Threshold Requirement*

Here, Plaintiff attempts to satisfy the Threshold Requirement via the first category of relief described above— actual and statutory damages. (ECF No. 35, at 3-14.) Plaintiff argues that, under GBL § 350-e(3), it is entitled to $550 for each deceptive act (per unit), which means that it is entitled to at least $9,038,700.00 in statutory damages. (ECF No. 35, at 11.) Specifically, Plaintiff claims that Defendant's sales documentation indicates that Defendant sold 2,739 cases of their biscotti and that there were at least 6 boxes of biscotti in each case (i.e., 6 boxes multiplied by

2,739 cases, multiplied by the statutory damages of $550 per unit, equals $9,038,700). (*Id.*) Defendant, however, claims that Plaintiff cannot satisfy the Threshold Requirement because GBL §§ 349 and 350 only permit Plaintiff to recover an amount not greater than three times the actual damages (ECF No. 36, at 2-3.) Accordingly, Defendant argues that because total sales of their product amounted to only $97, 825, even if Plaintiff and her class were awarded the statutory maximum of three times this amount, that greater number (i.e., $294,000) remains substantially less than $5 million. (*Id.*)

A review of the relevant language of GBL §§ 349(h) and 350-e(3) indicates that Plaintiff and her class can recover an amount greater than three times their actual damages, contrary to Defendant's argument. GBL §349(h), for instance, states that Plaintiff and her class's damages shall be equal to "his actual damages or fifty dollars, whichever is greater," and that "[t]he Court "may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars," if a defendant violates the section willfully or knowingly. GBL § 349(h)*.* Likewise, GBL § 350-e(3) provides that Plaintiff and her class's damages shall be equal to his "actual damages or five hundred dollars, whichever is greater" and that "[t]he Court "may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages, up to ten thousand dollars," if a defendant violates the section willfully or knowingly. GBL §2 350-e(3)*.*

Defendant provides no legal support for its flawed interpretation that GBL §§ 349(h) and 350-e(3) restrict a statutory award of damages to triple the actual damages. Under the usual, logical reading of these statutes, although a court may in its discretion increase the award of damages to three times the actual damages for a willful or knowing violation of either statute, a plaintiff may be entitled under the statute to $50 (for a violation of GBL § 349(h)) or $500 (for a violation of

GBL § 350e(3), if these numbers are greater than the actual damages. Indeed, courts in this District have, in earlier cases, determined whether a class action plaintiff alleging violations of GBL §§ 349(h) and 350-e(3) satisfied the Threshold Requirement by multiplying the number of units of the product at issue sold in New York by the statutory award of $550, even where triple the actual damages amounted to less than $5 million. *See Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 572–73 (S.D.N.Y. 2021) (finding that the $5 million threshold was met where the total sales/actual damages amounted to only $226,237, but the total possible damages, inclusive of statutory damages under GBL §§ 349(h) and 350-e(3), were $28,867,500); *see also Famular v. Whirlpool Corp.*, No. 16 CV 944 (VB), 2019 WL 1254882, at *11 (S.D.N.Y. Mar. 19, 2019) (noting that the plaintiff met the $5 million threshold because: (1) statutory damages are permissible in class actions alleging GBL §§ 349 and 350 violations brought in federal court, even though such damages are barred in class action in state court; and (2) the number of units of the product at issue sold in New York multiplied by $550 equaled over $8 million). The pertinent question here is, then, whether enough units of the Product were sold in New York for Plaintiff and her class to satisfy the Threshold Requirement via an award of the total possible statutory damages under GBL §§ 349(h) and 350-e(3).

Although Defendant has provided documentation demonstrating that the total sales of the Product in New York were $97,825.08, it does not directly indicate how many units (i.e., boxes) of the Product were sold in New York. (ECF No. 36, at 1-3.) Nevertheless, Plaintiff provides a reasonable estimate of the total number of boxes sold in New York through an analysis of the data that Defendant does provide— 16,434 boxes.[1] Like other courts in this District, then, the Court

---

[1] As Plaintiff notes, Defendant's sales documentation appears to indicate that Defendant sold 2,739 cases of their biscotti to New York customers, and that there were at least 6 boxes of biscotti in each case; thus, it seems entirely plausible that Plaintiff can satisfy the Threshold Requirement when one accounts for the total possible number of statutory damages (6 boxes multiplied by 2,739 cases, multiplied by the statutory damages of $550 per unit, equals

may estimate that the total available damages under GBL §§ 349(h) and 350-e(3) is equal to the number of total boxes sold multiplied by the statutory damages: 16,434 boxes multiplied by $550 (i.e., $50 per box under GBL § 349(h) and $500 per box under GBL § 350-e(3)) equals $9,038,700. (ECF No. 35, at 10-11); (ECF Nos. 29-1 and 29-2.). This number, as Plaintiff rightly argues, is almost double the Threshold Requirement. Consequently, Defendant has not shown to a legal certainty that Plaintiff cannot satisfy the Threshold Requirement.

The Court, therefore, finds that Defendant has not overcome the presumption that Plaintiff has made a good faith representation of the actual amount in controversy, as Defendant failed to show that "the legal impossibility of recovery [is] so certain as virtually to negate [Plaintiff's] good faith in asserting the claim." *Scherer*, 347 F.3d at 397. Accordingly, Defendant's Renewed Motion is denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Renewed Motion to Dismiss. Defendant is hereby directed to file an Answer to Plaintiff's First Amended Complaint on or before June 8, 2023.

The Clerk of Court is kindly directed to terminate the motion at ECF No. 33.

Dated: May 18, 2023
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

---

$9,038,700). (ECF No. 35, at 11); (ECF Nos. 29-1 and 29-2.) Notably, Defendant does not dispute Plaintiff's estimate, and instead relies on its flawed reading of the GBL statutes to argue that Plaintiff is not able to recover an amount more than triple its actual damages. (ECF No. 36.)